CASE NO. 13-56797 & 13-57106

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

———————

GENESIS MERCHANT PARTNERS, LP

*Plaintiff and Appellant,*

v.

NERY'S USA, INC., ET AL.

*Defendants and Appellees.*

———————

Appeal From The United States District Court,
Southern District of California, Case No. 3:11-cv-
01589-JM-WVG, Hon. Jeffrey T. Miller

———————

## APPELLEES' PETITION FOR REHEARING

———————

DENTONS US LLP
Charles A. Bird
charles.bird@dentons.com
John J. McNutt
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone: 619.236.1414
Facsimile: 619.232.8311

Attorneys for Nery's USA, Inc., Comercial Targa, S.A. de
C.V., and John Cathcart

# TABLE OF CONTENTS

Page

INTRODUCTION....................................................................1

ARGUMENT ..........................................................................2

I.    After Genesis Breached, It Could Not Claim
      Against Nery's for Ceasing Performance......................2

      A.    Critically, Genesis is the plaintiff..........................2

      B.    California law excuses Nery's performance
            after Genesis' breach............................................3

      C.    The district court decided the case on this
            (correct) ground. ..................................................8

II.   Consequences of Granting Rehearing ...........................9

      A.    Genesis is entitled to decision on its
            rejoinders to the prior material breach
            defense.................................................................10

            1.    Remedy clause............................................12

            2.    Relation of covenants. ...............................14

            3.    Purported windfall. ....................................15

      B.    If after considering Genesis' arguments, the
            defense of prior material breach fails, Nery's
            is entitled to decision on its alternative
            defense of rescission.........................................15

      C.    If after considering Genesis' arguments, the
            defense of prior material breach stands,
            Genesis is entitled to decision on its unjust
            enrichment argument. ........................................16

      D.    Attorney fees. .....................................................16

CONCLUSION .....................................................................16

Certificate of Compliance Pursuant to
      Circuit Rules 35-4 and 40-1 ........................................18

MEMORANDUM (9th Cir. R. 40-1(c)).................................19

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alpha Beta Food Markets, Inc. v. Retail Clerks Union*
    *Local 770,*
    291 P.2d 433 (Cal. 1955) ............................................... 14

*Ashbey v. Archstone Property Management,*
    612 Fed.Appx. 430 (9th Cir. 2015) ............................... 13

*Brown v. Grimes,*
    120 Cal.Rptr.3d 893 (Cal.Ct.App. 2011) ....................... 4

*Darrow v. Robert A. Klein Co.,*
    295 P. 566 [111 Cal.App. 311] (Ct. App. 1931) ............ 13

*Deering-Milliken & Co. v. Modern-Aire of Hollywood,*
    *Inc.,*
    231 F.2d 623 (9th Cir. 1955) ......................................... 6

*Dunn v. Daly,*
    21 P. 377 (Cal. 1889) ...................................................... 5

*Dyna-Med, Inc. v. Fair Emp't & Hous. Comm'n,*
    743 P.2d 1323 (Cal. 1987) ............................................ 13

*Filet Menu v. C.C.L. & G.,*
    94 Cal.Rptr.2d 438 (Ct. App. 2000) ............................. 15

*Freedman v. Rector, Wardens & Vestrymen of St.*
    *Mathias Parish,*
    230 P.2d 629 (Cal. 1951) ......................................... 7, 16

*Klaxon Co. v. Stentor Electric Mfg. Co.,*
    313 U.S. 487 (1941) ....................................................... 6

*Plotnik v. Meihaus,*
    146 Cal.Rptr.3d 585 (Ct. App. 2012) ......................... 4, 5

*Pry Corp. of America v. Leach,*
2 Cal.Rptr. 425 (Ct. App. 1960) ...................................5

*Rock River Communs., Inc. v. Universal Music Group,
Inc.,*
745 F.3d 343 (9th Cir. 2014) .........................................6

*Wong v. Stoler,*
188 Cal.Rptr.3d 674 (Ct. App. 2015)..............................3

## STATUTES

Cal. Civ. Code § 1572 .....................................................13, 14

Cal. Civ. Code § 1573 ..........................................................13

Cal. Civ. Code § 1689 ..........................................................15

Cal. Gov't Code § 68081 ........................................................1

## OTHER AUTHORITIES

CACI 303 Breach of Contract—Essential Factual
Elements....................................................................6

CACI VF-300 Breach of Contract ......................................2, 6

Cal. Rules of Court, rule 2.1050...........................................6

Fed. R. App. P. 40.................................................................16

Restatement (Second) of Contracts, § 237 ............................5

Restatement of Contracts, § 274...........................................5

## INTRODUCTION

Nery's, USA, Inc., Comercial Targa, and John Cathcart respectfully petition for rehearing. Based on a theory not briefed by the parties, the Memorandum remands for the district court to reconsider many issues after stripping the district court's decision of what the Memorandum treats as a remedy granted to Nery's.

The Memorandum incorrectly focuses on remedies available to Nery's for Nascent's breach. The proper focus is whether Genesis, Nascent's assignee, had any remedies against Nery's. Genesis had no *legal* remedy. The court should have decided the issues raised by Genesis, including whether after denial of any *legal* remedy it had an *equitable* restitution claim.

The error in focus derives from overlooking the procedural structure of the case and controlling California law. In California appellate courts, rehearing is mandatory when a decision relies on a theory not briefed. Cal. Gov't Code § 68081. In this diversity case, the Circuit is not bound by that statute. Petitioners ask the panel to approach rehearing in the statute's spirit of open inquiry. In counsel's opinion, material points of fact and law were overlooked in the decision.

# ARGUMENT

## I.

### After Genesis Breached, It Could Not Claim Against Nery's for Ceasing Performance.

Summary: In Genesis' self-described collection action, the district court found Genesis could not have judgment for breach of the Nery's note because Nascent's prior material breach of the Agreement excused payment of the note. Structurally and procedurally, the district court correctly implemented California contract law. The consequences of the defense of excused performance do not undermine it. Restitution protects the breaching party from forfeiture.

### A. Critically, Genesis is the plaintiff.

Genesis sued Nery's and Targa, impleading Cathcart as a purported alter ego. 2 ER 296-306. Genesis' now-relevant claims were breach of contract and unjust enrichment. 2 ER 296-303. Nery's counterclaimed against Genesis, but the district court dismissed the counterclaim as redundant. 1 ER 44.

The pretrial order treats the case as an action by Genesis on the Nery's note, with defenses that include excuse based on Nascent's prior material breach and rescission. 1 ER 67, 88-89. Genesis' trial brief calls the case a

"collection action." 2 ER 277. It does not argue that Nascent's breach is not a defense under California contract law. 2 ER 277-295. It argues the exclusive remedy provision as a bar to that defense and it argues independence of covenants. 2 ER 287-90, 294-95.

## B. California law excuses Nery's performance after Genesis' breach.

When a party innocent of breach pursues remedies for the other party's breach of contract, the innocent party may either "disaffirm the contract, treating it as rescinded, and recover damages resulting from the rescission," or "affirm the contract . . . and recover damages for breach of contract." *Wong v. Stoler*, 188 Cal.Rptr.3d 674, 680 (Ct. App. 2015). The Memorandum correctly states that principle, but that principle is immaterial. *Wong* is a simple breach of contract case in which a trial court erred by refusing to grant the plaintiff rescission.

The *Wong* opinion says nothing about how California law applies when a party guilty of breach sues the innocent party for ceasing to perform after the guilty party's breach. Yet that is what happened here. Undisputedly, Nascent and Genesis' preclosing representations of Targa's financial condition were false, and the contractual representations

and warranties about Targa's debts and financial records were breached as of the closing. *See, e.g.*, 3 RT 436-37, 440, 459-60, ASER 70-71, 73, 79-80. Neither Nery's nor Targa prosecuted a damages claim or even claimed rescission, except by raising rescission as a defense to Genesis' demand. 1 ER 88-89. Nor did Nery's claim a *remedy* of "retain[ing] the Targa stock that was the subject of the Agreement while excusing" the Nery's note. Mem. 2; 1 ER 88-89.

The Memorandum overlooks controlling California law that barred Genesis' claim because of Nascent's breach. In the substance of California contract law, " 'a material breach excuses further performance by the innocent party.' " *Plotnik v. Meihaus*, 146 Cal.Rptr.3d 585, 596 (Ct. App. 2012); *accord*, *Brown v. Grimes*, 120 Cal.Rptr.3d 893, 902 (Ct. App. 2011) ("When a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract").

The rule of excuse for prior material breach is long-established and without controversy. For example, in 1889, breach of a preference clause during the first year of a hauling contract barred the hauler's claim for damages when the other party refused to perform in the second year. *Dunn*

*v. Daly*, 21 P. 377, 378-79 (Cal. 1889). As here, the innocent party sought no remedy, although he suffered damages. *Id.* The Restatement of Contracts, § 274 adopted the California view, as a rule of discharge of performance, with a title including "Failure of Consideration" and text referring to "material failure of performance." And California courts reciprocally relied on the Restatement. *Pry Corp. of America v. Leach*, 2 Cal.Rptr. 425, 430 (Ct. App. 1960) (plaintiff's performance is an implied concurrent condition if the contract is not expressly conditional). "A party complaining of the breach of a contract is not entitled to recover therefor unless he has fulfilled his obligations." *Id.* at 429, followed by string citation.

The rule remains universal. Restatement (Second) of Contracts, § 237 ("Except as stated in § 240, it is a condition of each party's remaining duties to render performances to be exchanged under an exchange of promises that there be no uncured material failure by the other party to render any such performance due at an earlier time").

Procedurally, the rule of excuse for prior breach makes it " 'elementary [that] a plaintiff suing for breach of contract must prove it has performed all conditions on its part or that it was excused from performance.' " *Plotnik*, 146 Cal.Rptr.3d

at 597. So elementary is this principle that it appears in California's approved jury instructions and verdict forms. CACI 303 Breach of Contract—Essential Factual Elements; CACI VF-300 Breach of Contract, q. 2 ("Did [name of plaintiff ] do all, or substantially all, of the significant things that the contract required [him/her/it] to do?").[1]

The denial of a legal remedy can cause the breaching party to suffer forfeiture, but that does not impair or restrict the defense. Thus, in a California jury trial, if the jury finds the plaintiff breached the contract without excuse, it returns a defense verdict without considering whether the defendant breached. CACI VF-300 Breach of Contract, q. 2, q. 3. Forfeiture is relieved by granting the breaching party a claim for restitution.

The Memorandum states that *Freedman v. Rector, Wardens & Vestrymen of St. Mathias Parish*, 230 P.2d 629

---

[1] In this diversity case, federal courts must apply California law as the California Supreme Court would apply it. *See, e.g.*, *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941); *Deering-Milliken & Co. v. Modern-Aire of Hollywood, Inc.*, 231 F.2d 623, 625 (9th Cir. 1955). The CACI instructions document California law in plain English. Cal. Rules of Court, rule 2.1050(a), (b). *See, Rock River Communs., Inc. v. Universal Music Group, Inc.*, 745 F.3d 343, 349 (9th Cir. 2014) (using CACI to define elements of a tort).

(Cal. 1951) does not support the defense of prior material breach here. Mem. 3. That is not so. First, *Freedman* expressly applies the doctrine of excuse for prior material breach to material anticipatory breach. *Freedman*, 37 Cal.2d at 630-31. Second, that holding provides the foundation for *Freedman's* main contribution to California law—holding that when legal remedies are barred, a court may adjust the parties' positions by restitution in equity to avoid an unacceptable forfeiture. *Id.* at 631-32. Equitable adjustments under *Freedman*—not exceptions to or distinctions in the defense of prior material breach—are how the California courts address the potential unfairness that a party innocent of breach may keep most of the fruits of a contract without having to perform its bargain. *Id.*

Respectfully, petitioners believe Genesis knows this. That is why the blue brief argues the breach was not material, or alternatively the obligations were severable, or a remedies clause deprived Nery's of the defense of Nascent's prior breach. Those arguments implicitly concede that the district court's structural legal analysis was correct, but contend the district court erred in three ways within the structure. Further, Genesis sued for unjust enrichment and briefed alleged error under *Freedman* in this appeal. As at

oral argument, Genesis may pursue its perceived advantage in responding to this petition, but the blue brief's structural concession and Genesis' complaint tell the real story.

### C. The district court decided the case on this (correct) ground.

In summarizing California contract law, the district court stated: "A material breach of contract provides an injured party a right to damages or the right to refuse further performance." 1 ER 60. The next paragraph discusses the grounds for rescission. *Id.* The district court was not confused, nor did it conflate defensive refusal to perform with claiming rescission.

The district court "conclud[ed] Nascent materially breached the [Agreement] it entered into with Nery's and, furthermore, the breaches were immediate upon execution of the [Agreement]." 1 ER 61. The consequence? "The misrepresentations regarding accounts payable/liabilities . . . consisted of a material breach of the contract excusing further performance by Nery's, and independently constituting a basis for rescission." 1 ER 61-62. "The breach(es), attributable to Genesis, excuse Nery's from performing under the contract." 1 ER 64. In the next paragraph: "The court also concludes that Nery's, should it

so elect, is entitled to rescind the [Agreement] upon tender of its Targa shares." *Id.* Again, the district court did not conflate defensive refusal to perform and the resulting legal defense of excuse with rescission.

A decent respect for the district court's work and care requires a grant of rehearing to consider the full defense of the court's decision presented in this petition. Nothing less is fair to the appellees or the district court.

## II.

### Consequences of Granting Rehearing

A grant of rehearing presumably puts the appeal at issue on its terms that existed before oral argument. Genesis will be entitled to a decision on the arguments it raised, and the court will need to determine the consequences of its rulings on those issues. The Memorandum and the work underlying this petition highlight certain points about Genesis' arguments that this petition will briefly address. Petitioners present only new matter, with as little context as possible.

**A. Genesis is entitled to decision on its rejoinders to the prior material breach defense.**

The Memorandum may have implicitly held Nascent's breach was material. A grant of rehearing would vacate that holding along with others. Genesis would be entitled to a decision on its materiality argument, which starts at page 33 of the blue brief.

On materiality, what Genesis is not entitled to is taking liberties in the gray brief with the standard of review. Genesis claims the accounts payable breaches were not material because Cathcart did not reasonably rely on them. The premise of this argument is that Cathcart believed records of Targa produced to him had internal inconsistencies and were unreliable. But that testimony is about records given to Cathcart in October or November of 2009. 2 ER 249-50; 3 RT 364-65.

In February 2010, Cathcart negotiated for Nery's to buy the Targa stock for consideration including assuming accounts payable not to exceed $150,000. 2 ER 155, 157-58. (¶¶ 2.2, 3.8(a), 3.8(c)). This was consistent with Piancone's oral representations throughout the negotiations. SER 20-30; 1 RT 368-69. Cathcart negotiated representations and

warranties 3.8(a) and 3.8(c) that the financial statements would be made accurate, the statements would be attached to the final agreement, and the payables would be paid down to $150,000. 2 ER 157-58. So when the deal closed, Cathcart believed the financial statement were complete and accurate as to liabilities; he did not know Nascent had failed to clean them up. 3 RT 476-77 [476 is SER 89].

"Genesis adopts the factual findings that the district court made and challenges in this appeal only certain conclusions drawn from the facts as found or resolving questions of law." Blue Brief 9. The gray brief's argument is of the clearly erroneous class. Petitioners have now debunked it; it is counterfactual.

The same error infects the gray brief's argument that Cathcart could not rely on a seller's positive representations because of the fall 2009 financial statements. Those financial statements drove Cathcart to negotiate for the warranties, and as he did so he received the false representations. The district court found this put the onus on Nascent, the maker of the representations and warranties, to use due diligence. 1 ER 63. The gray brief does not show this finding is clearly erroneous.

Finally, the breach is not limited to the $91,000 that an accountant documented—or even to accounts payable. For example, the district court found the payables were $850,000, 1 ER 56, and the gray brief does not attempt to show this finding is clearly erroneous. Neither does the gray brief challenge the district court's finding that Cathcart has paid or resolved $580,000 of claims. 1 ER 59, 61. The breaches included Agreement sections 3.10 (collectability of accounts receivable), 3.11 (no labor disputes or failures to pay for labor), 3.12 (no violations of Mexican wage law), and 3.13 (no hidden tax liabilities). 2 ER 160-61.

### 1. *Remedy clause.*

Arguing an interpretation of the word "rights" not argued in the blue brief, the gray brief says the exclusive remedy provision bars defenses. This is an inferior textual argument. The exception phrase in paragraph 8.5 confirms that a clause titled "Exclusive Remedy" and providing for "exclusive remedies" limits recoveries of damages and injured-party suits in equity, but does not limit defenses to suits brought by other contracting parties. The exception phrase states "(other than claims based on actual fraud or intentional breach)." 2 ER 180. It directly follows and specifically modifies "of any rights under contract, tort,

equity or otherwise. . . ." *Id.* "Claims" under the exception thus tells the reader that "rights," used only once in the paragraph, means "claims," not defenses to claims. *See, e.g., Ashbey v. Archstone Property Management*, 612 Fed.Appx. 430 (9th Cir. 2015) (following *Dyna-Med, Inc. v. Fair Emp't & Hous. Comm'n*, 743 P.2d 1323, 1329 n.14 (Cal. 1987).

Further, under the district court's findings, this is a case of actual fraud. The gray brief claims Nascent and Genesis committed only "constructive fraud" under Cal. Civ. Code § 1573(1). Gray Brief 15. Constructive fraud consists "[i]n any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice, or to the prejudice of anyone claiming under him. . . ." Textually, constructive fraud requires that the defendant have a preexisting duty to the victim, not the general public duty not to commit fraud. *See Darrow v. Robert A. Klein Co.*, 295 P. 566 [111 Cal.App. 310, 316] (Ct. App. 1931). Here, Nery's neither alleged nor tried any theory that a duty of trust or confidence existed at contract formation; rather Nery's alleged and the district court found actual fraud under Cal. Civ. Code § 1572. That statute begins "Actual fraud, within the meaning of this chapter,

consists in any of the following acts, committed by a party to the contract. . . ." So-called negligent misrepresentation is paragraph 2. *Id.* It is therefore actual fraud. See cases at red brief, p. 57.

The gray brief's error is not just statutory. The parties stated the exclusive remedies provision does not apply to "claims based on actual fraud or intentional breach. . . ." 2 ER 180. The gray brief's entire riff on "intentional fraud" is therefore immaterial. If the parties meant "intentional fraud," not the statutory "actual fraud," they would have said so, just like they said "intentional breach."

## 2. *Relation of covenants.*

If Nery's breached the Nery's note, it thereby breached the Agreement. ER 188, ¶ 5. If Nery's breached any promise in the Agreement, it thereby breached the Nery's note. *Id.* The note documents a general integration clause specifically; the parties' intent was for the covenants of the several transactional documents to be mutually dependent. See 2 ER 181, ¶ 9.4.

The *Alpha Beta* case cited at page 23 of the gray brief is about conditions precedent, not concurrent covenants. *Alpha Beta Food Markets, Inc. v. Retail Clerks Union Local 770*, 291 P.2d 433, 437 (Cal. 1955).

### 3. *Purported windfall.*

Once again, while the blue brief promised to raise only pure legal issues, the gray brief is a factual argument—that is, an argument that the district court's findings are clearly erroneous. Further, the legal premise is false. A potentially unfair outcome of the defense of prior material breach is not addressed by vitiating the defense but by allowing restitution to the breaching party. *Ante*, p. 6-7.

**B.    If after considering Genesis' arguments, the defense of prior material breach fails, Nery's is entitled to decision on its alternative defense of rescission.**

Severability of covenants does not apply to fraudulent inducement under Cal. Civ. Code § 1689; the entire fraudulently induced contract is rescinded. *Filet Menu v. C.C.L. & G.*, 94 Cal.Rptr.2d 438, 444 (Ct. App. 2000).

**C.    If after considering Genesis'
arguments, the defense of prior
material breach stands, Genesis is
entitled to decision on its unjust
enrichment argument.**

Genesis correctly argues in principle that *Freedman*
potentially gave it a claim for restitution. The gray brief
reveals Genesis' actual argument to be another of the clearly
erroneous class, not put that way in the blue brief and not
supportable on the record.

**D.    Attorney fees.**

Nothing need be added to the briefs.

## CONCLUSION

The court should grant rehearing. Because little of the
oral argument was devoted to the issues briefed by the
parties, the court should consider whether this is one of the
rare cases that justifies being calendared for argument after
rehearing is granted. Fed. R. App. P. 40(a)(4)(B). In the end,
the court should issue a new decision affirming the judgment
in full. The attorney's fee order should be affirmed as to
Nery's and Targa.

As to Cathcart only, the attorney's fee order should be remanded with the condition and instructions described in the red brief.

Nery's and Targa are entitled to recover attorney's fees on appeal, and the Court of Appeals should award attorney's fees to Cathcart as well because he remains the prevailing party regardless of any tinkering that is done with the amount of his attorney's fee award.

Respectfully submitted,

s/ Charles A. Bird

Dentons US LLP
Attorneys for Nery's, USA, Inc.; Comercial
Targa, S.A. de C.V.; and John Cathcart

**Certificate of Compliance Pursuant to**
**Circuit Rules 35-4 and 40-1**

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for <u>panel rehearing</u>/~~petition for rehearing en banc/answer~~ is: (check applicable option)

__X__ Proportionately spaced, has a typeface of 14 points or more and contains 3,099 words (petitions and answers must not exceed 4,200 words).

or

____ Monospaced, has 10.5 or fewer characters per inch and contains _____ words or _____ lines of text (petitions and answers must not exceed 4,200 words or 390 lines of text).

or

____ In compliance with Fed. R. App. 32(c) and does not exceed 15 pages.

s/ Charles A. Bird

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GENESIS MERCHANT PARTNERS, LP, a Connecticut corporation,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>NERY'S USA, INC., a Nevada corporation; JOHN CATHCART, an individual; COMMERCIAL TARGA, S.A. DE C.V., a Mexican corporation,<br><br>        Defendants - Appellees. | No. 13-56797<br><br>D.C. No. 3:11-cv-01589-JM-WVG<br><br>MEMORANDUM* |
| GENESIS MERCHANT PARTNERS, LP, a Connecticut corporation,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>NERY'S USA, INC., a Nevada corporation; JOHN CATHCART, an individual; COMMERCIAL TARGA, S.A. DE C.V., a Mexican corporation,<br><br>        Defendants - Appellees. | No. 13-57106<br><br>D.C. No. 3:11-cv-01589-JM-WVG |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted December 10, 2015
Pasadena, California

Before: PREGERSON, CALLAHAN, and HURWITZ, Circuit Judges.

Genesis Merchant Partners, LP, appeals the district court's judgment, and award of attorneys' fees, in favor of Nery's USA, Inc., Commercial Targa, and John Cathcart. We have jurisdiction under 28 U.S.C. § 1291, vacate the judgment, and remand for further proceedings.

**1.** The district court's finding that Nascent breached the Stock Purchase Agreement (the "Agreement") by failing to indemnify Nery's for certain obligations of Targa is supported by substantial evidence. But, the court erred by entering a judgment that allowed Nery's to retain the Targa stock that was the subject of the Agreement while excusing payment of the balance of the promissory note Nery's gave Nascent in return. Under California law, a party "injured by a breach of contract" may either "disaffirm the contract, treating it as rescinded, and recover damages resulting from the rescission," or "affirm the contract . . . and recover damages for breach of contract." *Wong v. Stoler*, 188 Cal. Rptr. 3d 674, 680 (Ct. App. 2015). The district court's judgment does not comport with either of these recognized remedies for breach of contract.

2

**2.** *Freedman v. Rector, Wardens & Vestrymen of St. Mathias Parish*, 230 P.2d 629 (Cal. 1951), does not support the remedy ordered below. That case refuses to enforce, as a penalty, a liquidated damages provision in a real estate contract, instead holding that the vendee could recover restitution if his down payment exceeded the vendor's damages. *Id.* at 631, 633. That the vendee's anticipatory breach excused the vendor's obligation to sell the property in that case, *id.* at 631, does not suggest that Nascent's breach both excused Nery's from its obligations under the note and simultaneously allowed it to retain the benefits of the Agreement.

**3.** Genesis does not dispute that any damages for Nascent's breach of its contractual duty to indemnify should be offset against the note. We therefore remand for assessment of those damages.[1]

**4.** Fees may be granted to the "party who is determined to be the party prevailing on the contract." Cal. Civ. Code § 1717(a). Because we vacate the judgment, we also vacate the fee award without prejudice to the district court awarding fees after entry of a new judgment.

---

[1] We leave to the district court the decision whether those damages should be determined solely on the existing record. We also leave to the district court whether Nery's is entitled to a new election of remedies after contractual damages are calculated, and if Nery's is allowed to rescind the Stock Purchase Agreement, whether Genesis has a claim for unjust enrichment arising out of Nery's ownership of Targa before the rescission.

**VACATED** and **REMANDED**

| 9th Circuit Case Number(s) | 13-56797, 13-57106 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | January 28, 2016 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ Charles A Bird |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) | |